The bill of complaint in this case was filed to compel the defendants to account to the complainant for the sale of automobiles and equipment.
The business was conducted by the defendant John J. Moran, after the death of his brother, William Moran, under the name of Moran Bros., Inc. After William Moran's death, an agreement was entered into between Mary Moran, the widow of William Moran, and the defendant John J. Moran, dated July 29th, 1939, whereby John J. Moran was to dispose of all the assets and divide the net proceeds between himself and the complainant.
I referred the matter to William H. Wurts, Esq., one of the special masters of this court. Mr. Wurts heard testimony in the matter and has filed his report. The defendants filed eight exceptions thereto, five of which are general and three specific. *Page 2 
I have examined the exceptions, the report and testimony and have concluded there is no merit to the general exceptions. Both sides agree that the financial transactions were such that it was impossible to completely comprehend them. Mr. Wurts had a hard task to decipher the various transactions and his report is very commendable.
One of the specific exceptions refers to a 1939 Dodge car which the master charged to the defendant at the inventoried value. Defendant claims the car was sold and accounted for but not listed with the other cars sold to the Ace Auto Sales, Inc. Defendant claims that the car was purchased new for $739 and that when it was sold its value was $625.
After considering the testimony taken before the master, I agree with the master that the car was not sold to the Ace Auto Sales, Inc., as the defendant contends. I am of the opinion that the inventoried value of $925 is a proper charge against the defendant.
The charge of $557.25 for furniture and fixtures, as shown in "Schedule A-1," is proper. Defendant claims that the furniture and fixtures were sold to the Ace Auto Sales, Inc., for $150 and repurchased by him for the same sum. The furniture and fixtures were not itemized in the list submitted. The Ace Auto Sales, Inc., never took possession and I am of the opinion that the sale was never made.
I am inclined to believe that there is merit in the defendant's exception to the accounts receivable in the sum of $235.50. These accounts were represented by notes which had not been discounted at a bank. Defendant says the notes are not collectible and were not at the time the agreement was made. I am, therefore, of the opinion that the item of $235.50 is not a proper charge against the defendant. *Page 3